UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOSHUA TAYLOR and GIAUNIE HENDRIX,

Plaintiffs,

v.

LENOVO UNITED STATES INC.,

Defendant.

CASE NO. 3:25-cv-5840-JNW

ORDER

Plaintiffs[1] filed this putative class action in Thurston County Superior Court on August 20, 2025. Dkt. No. 1-1. Defendant Lenovo United States Inc. ("Lenovo") removed the action to this Court on September 19, 2025, asserting federal jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"). Dkt. No. 1. On January 9, 2026, Plaintiffs Joshua Taylor and Giaunie Hendrix filed a consolidated amended class action complaint ("Amended Complaint"), alleging Lenovo violated Washington's Commercial Electronic Mail Act ("CEMA") and Consumer Protection Act ("CPA"). Dkt. No. 26. Plaintiffs claim that Lenovo sends "commercial emails to

[1] Plaintiff Stephen Liss has been terminated from this action. The Court will update the case name to *Taylor et al. v. Lenovo United States Inc.*

Washington residents on its mailing list" with subject lines announcing that sales are ending soon or that there are deep discounts to be had. *Id.* Neither is true, Plaintiffs allege: the sales do not end when the emails say they will, and Lenovo discounts its products so often that the sale price is the regular price. *Id.* Lenovo moved to dismiss, arguing that Plaintiffs fail to state a valid CEMA claim, that CEMA violates the dormant Commerce Clause, that the Controlling the Assault of Non-Solicited Pornography and Marketing Act ("CAN-SPAM") preempts CEMA, that the CPA claim falls with the CEMA claim, and that actual and treble damages are unavailable. Dkt. No. 27.

### 1.1 The Court grants the Stipulated Motion to Intervene.

The parties filed a stipulated motion to allow the State of Washington to intervene for the limited purpose of defending the constitutionality of CEMA. Dkt. No. 32. The State then filed a "Statement of Readiness to File a Response to Lenovo's Motion to Dismiss," attaching its response as an exhibit rather than filing it, because the Court had not yet ruled on intervention. Dkt. Nos. 33, 33-1. In its subsequent reply, Dkt. No. 34, Lenovo addresses both Plaintiffs' response, Dkt. No. 30, and the State's response, Dkt. No. 33-1.

Thus, the Court GRANTS the stipulated motion to intervene. Dkt. No. 32. The State may intervene, and Lenovo's consolidated reply, Dkt. No. 34, is accepted as timely and within the stipulated limit of 6,800 words. The Court also DEEMS the State's response, Dkt. No. 33-1, filed as of this order. Because Lenovo has already

replied to it, the Court does not order further briefing on the issue of CEMA's constitutionality.

**1.2 The Court requires supplemental briefing.**

As to the arguments raised in Lenovo's motion to dismiss, courts in this District have uniformly rejected similar arguments raised by defendants in motions to dismiss other CEMA/CPA actions. *See, e.g.*, *Ma v. Nike, Inc.*, 816 F. Supp. 3d 1227, 1229 (W.D. Wash. 2026); *Harrington v. Vineyard Vines, LLC*, 813 F. Supp. 3d 1218, 1220 (W.D. Wash. 2025), *reconsideration denied*, 2026 WL 125134 (W.D. Wash. Jan. 16, 2026); *Agnew v. Macy's Retail Holdings, LLC*, No. 2:25-CV-02006-JHC, 2026 WL 764140, at *1 (W.D. Wash. Mar. 18, 2026); *Jerde v. BYLT LLC*, No. 2:25-cv-01496-JHC, 2026 WL 415445, at *1 (W.D. Wash. Feb. 13, 2026); *Kempf v. Fullbeauty Brands Ops., LLC*, No. C25-1141 TSZ, 2026 WL 395677, at *4–7 (W.D. Wash. Feb. 12, 2026).

On the other hand, some courts in this District have questioned whether named plaintiffs in similar CEMA/CPA class actions lack Article III standing and whether the amount in controversy satisfies the minimum for diversity or CAFA jurisdiction. *See, e.g.*, *Devivo v. Sheex Inc.*, No. 3:25-cv-05807-DGE, 2026 WL 775625 (W.D. Wash. Mar. 19, 2026); *Nuri v. True Religion Apparel*, No. 2:25-cv-00690-LK, 2026 WL 864886 (W.D. Wash. Mar. 30, 2026); *Hutton v. Papa John's USA*, No. C25-1922-KKE, 2026 WL 1183241, at *1 (W.D. Wash. Apr. 30, 2026).

The *Hutton* court has since remanded that action for lack of standing. 2026 WL 2210133 (W.D. Wash. July 31, 2026). Other courts have found standing

adequately pleaded. *See, e.g.*, *Liss v. Skechers USA Inc.*, No. 3:25-cv-05861-DGE, 2026 WL 1392327, at *2–3 (W.D. Wash. May 19, 2026). And the *Harrington* and *Kempf* courts stayed the action pending resolution of the Ninth Circuit appeal in *Montes v. SPARC Group, LLC*, Case No. 23-25496. Other courts found *Montes* distinguishable and declined to stay. *See Arcand v. Catalyst Brands LLC,* No. 2:25-cv-01445-DGE, 2026 WL 369417, at *2 (W.D. Wash. Feb. 10, 2026).

Lenovo touches on standing only under CEMA, arguing Plaintiffs cannot sue over emails they did not receive. Dkt. No. 27 at 12–13. The State invokes Article III only in passing, citing *Harbers v. Eddie Bauer*, LLC, 415 F. Supp. 3d 999, 1008 (W.D. Wash. 2019), to argue that CEMA claims resemble traditional torts and so escape preemption. Dkt. No. 33-1 at 29. But no party squarely addresses whether Plaintiffs have Article III standing here, and none addresses the amount in controversy. The Court raises both on its own, as it must before reaching the merits, and will not decide these questions without the parties' input, so it ORDERS as follows:

- Lenovo must file a supplemental brief not to exceed eight (8) pages by August 27, 2026, about (1) whether Plaintiffs have Article III standing and, if not, whether the action should be remanded to state court or stayed pending *Montes*, and (2) whether the Court should, under CEMA, calculate damages on a per-email or per-recipient basis and, depending on that answer, whether the amount in controversy satisfies the minimum for diversity or CAFA jurisdiction.

- Plaintiffs must file a responsive supplemental brief not to exceed eight (8) pages by September 3, 2026. The State of Washington may (but is not required to) file a responsive supplemental brief not to exceed eight (8) pages by September 3, 2026.
- The Clerk is DIRECTED to re-note the motion to dismiss, Dkt. No. 27, for September 3, 2026. The Clerk is also DIRECTED to update the case name to *Taylor et al. v. Lenovo United States Inc.*

Dated this 13th day of August, 2026.

Jamal N. Whitehead
United States District Judge