UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOSHUA TAYLOR and GIAUNIE HENDRIX, on their own behalf and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>and<br><br>STATE OF WASHINGTON,<br><br>Plaintiff-Intervenor,<br><br>v.<br><br>LENOVO (UNITED STATES) INC.,<br><br>Defendant. | CASE NO. 3:25-cv-05840-JNW<br><br>ORDER REMANDING CASE |

## 1. INTRODUCTION

This matter comes before the Court on the parties' responses to the Court's order for supplemental briefing on whether Plaintiffs Joshua Taylor and Giaunie Hendrix have Article III standing. Dkt. Nos. 39, 41, 42. For the reasons stated below, the Court finds it lacks subject matter jurisdiction, DENIES Defendant's

request for a stay, and REMANDS the deconsolidated cases to the courts from which they were removed.

## 2. BACKGROUND

Plaintiffs Taylor and Hendrix filed separate putative class actions in Thurston and King County Superior Courts against Defendant Lenovo (United States) Inc. ("Lenovo"). Dkt. Nos. 1 at 11; 14 at 1. Lenovo removed both actions to this Court, asserting federal jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"). Dkt. No. 1 ¶ 3. On January 9, 2026, Plaintiffs filed a consolidated amended class action complaint ("Amended Complaint"), alleging Lenovo violated Washington's Commercial Electronic Mail Act ("CEMA") and Consumer Protection Act ("CPA") by sending consumers marketing emails with false or misleading subject lines. Dkt. No. 26 ¶¶ 105–130.

On August 13, 2026, the Court ordered supplemental briefing on two issues: first, whether Plaintiffs have Article III standing, and if not, whether the case should be remanded or stayed pending the Ninth Circuit's decision in *Montes v. SPARC Grp., LLC*, No. 23-35496; and second, whether CEMA damages are calculated per-email or per-recipient, and whether the among in controversy satisfies the minimum for diversity or CAFA jurisdiction. Dkt. No. 36 at 4–5. The State of Washington, which intervened to defend CEMA's constitutionality, addressed only the damages question—it took no position on Article III standing. Dkt. No. 41 at 2. Because Article III standing is a threshold issue, the Court starts there. *Hutton v. Papa John's USA Inc.*, No. C25-1922-KKE, 2026 WL 2210133, at *1 (W.D. Wash. July 31, 2026).

## 3. DISCUSSION

### 3.1 Legal standard.

"Under Article III, the Federal Judiciary is vested with the 'Power' to resolve not questions and issues but 'Cases' or 'Controversies.'" *Ariz. Christian Sch. Tuition Org. v. Winn*, 563 U.S. 125, 132 (2011). "Among other things, that limitation requires a plaintiff to have standing." *Fed. Election Comm'n v. Cruz*, 596 U.S. 289, 295–96 (2022). If a plaintiff lacks Article III standing, the Court does not have subject matter jurisdiction. *See Warth v. Seldin*, 422 U.S. 490, 498 (1975). The standing inquiry begins with a simple principle: "No concrete harm, no standing." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 417 (2021). "[T]o establish standing, a plaintiff must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *Id.* at 423 (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992)).

"[T]he Supreme Court made clear that a plaintiff does not 'automatically satisf[y] the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right.'" *Robins v. Spokeo, Inc.* (*Spokeo II*), 867 F.3d 1108, 1112 (9th Cir. 2017) (quoting *Spokeo, Inc. v. Robins* (*Spokeo I*), 578 U.S. 330, 341 (2016) *as revised* (May 24, 2016)). To establish a concrete injury, "the plaintiff must allege a statutory violation that caused him to suffer some harm that 'actually exist[s]' in the world; there must be an injury that is 'real' and not 'abstract' or merely 'procedural.'" *Id.* (quoting *Spokeo I*, 578 U.S. at 340). Put simply, "an injury in law is not an injury in fact."

TransUnion, 594 U.S. at 427. The key question is whether the plaintiff has identified "a close historical or common-law analogue" for the asserted injury. *Id.* at 424. Physical and monetary harms readily qualify, and so can some intangible harms, such as intrusion upon seclusion. *Id.* at 425.

"The burden of establishing removal jurisdiction, even in [CAFA] cases, lies with the defendant seeking removal." *Washington v. Chimei Innolux Corp.*, 659 F.3d 842, 847 (9th Cir. 2011). So Lenovo, as the party invoking federal jurisdiction, must establish "the facts necessary to support standing with the manner and degree of evidence required at the successive stages of the litigation." *Tailford v. Experian Info. Sols., Inc.*, 26 F.4th 1092, 1099 (9th Cir. 2022). At the pleading stage, the Court looks to the allegations in the complaint. *See id.* at 1099 & n.2. If the Court determines, after removal, that it lacks subject matter jurisdiction, it must remand the case to state court. 28 U.S.C. § 1447(c). Remand, not dismissal, is the proper remedy. *Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193, 1196 (9th Cir. 2016).

**3.2 Lenovo has not shown that Plaintiffs suffered a concrete injury.**

Plaintiffs say the Court lacks jurisdiction and ask it to remand. Dkt. No. 42 at 2. Lenovo argues Plaintiffs suffered an injury in fact by "receiving emails with allegedly false or misleading subject lines," and therefore, the alleged CEMA violation caused Plaintiffs concrete harm. Dkt. No. 39 at 3. But Lenovo's position runs up against "an ever-growing list of decisions [in this District] finding that the mere receipt of alleged misleading or false marketing email subject lines, absent any allegation of economic loss, detrimental reliance, or any comparable injury, does

not constitute a concrete harm sufficient to establish Article III injury." *Stutsman v. Sirius XM Radio LLC*, No. 2:25-CV-01113-LK, 2026 WL 2445129, at *4 (W.D. Wash. Aug. 20, 2026) (collecting cases). *See also Hutton*, 2026 WL 2210133, at *2 ("The Court finds that merely alleging a CEMA violation is insufficient to allege a concrete injury to [the plaintiff]."); *Aronson v. 5 Star Apparel* LLC, No. C25-2691JLR, 2026 WL 2332885, at *2 (W.D. Wash. Aug. 4, 2026) ("[E]ven if [the plaintiff] has plausibly alleged that [the defendant] violated CEMA, he cannot pursue his claim in this court because he failed to allege an Article III injury-in-fact."); *Samaduroff v. David Peyser Sportswear Inc*, No. 3:26-CV-05275-TMC, 2026 WL 2675977, at *2 (W.D. Wash. Sept. 11, 2026) ("The fact that Plaintiffs received emails allegedly in violation of CEMA does not itself constitute injury-in-fact under Article III.").

Lenovo urges the Court to follow *Harbers v. Eddie Bauer, LLC*, 415 F. Supp. 3d 999, 1008 (W.D. Wash. 2019). In *Harbers*, the district court found that "CEMA was enacted to protect concrete interests." 415 F. Supp. 3d at 1008 (citing *Van Patten v. Vertical Fitness Grp., LLC*, 847 F.3d 1037, 1043 (9th Cir. 2017)). But as a court in the Eastern District of Washington explained, *Harbers* is based on *Van Patten*'s holding that "people have the right to be free from unsolicited marketing messages to ensure the right to privacy and prevent nuisance." *Montes v. Catalyst Brands LLC*, No. 2:25-CV-0281-TOR, 2025 WL 3485827, at *3 (E.D. Wash. Dec. 4, 2025). When a plaintiff does not allege that the emails were unsolicited or unwanted, "[t]here is not an invasion of privacy or any similar injury to constitute a concrete harm." *Id.*

Here, Plaintiffs allege they "do not want to receive emails with false and misleading subject lines from Lenovo, . . . [but] they would like to continue to receive and rely on truthful information from [Lenovo] regarding its [p]roducts." Dkt. No. 26 ¶ 94. Thus, this case mirrors *Montes*, not *Harbers*.

*Harbers* was also decided before the Supreme Court's decision in *TransUnion LLC*, finding a legislature's "creation of a statutory prohibition or obligation and a cause of action does not relieve courts of their responsibility to independently decide whether a plaintiff has suffered a concrete harm under Article III." *TransUnion*, 594 U.S. at 426. "[A]n important difference exists between a plaintiff's statutory cause of action to sue a defendant over the defendant's violation of state law, and a plaintiff suffering a concrete harm because of the defendant's violation of state law." *Carrigan v. Rack Room Shoes Inc.*, No. 2:26-CV-02422-TMC, 2026 WL 2718976, at *2 (W.D. Wash. Sept. 15, 2026). As a result, *Harbers* does not dictate the outcome here.

Lenovo answers that a deceptive email is unsolicited even to a recipient who wants the sender's emails because that recipient agreed to receive only truthful ones. Dkt. No. 39 at 4. But nuisance and intrusion guard against unwanted contact, not inaccuracies in a wanted contact. Lenovo's theory would make every false subject line an unwanted contact, and so every CEMA violation a concrete injury. That treats the violation itself as the harm, which *TransUnion* forbids. And if the closer analogue is deception, Plaintiffs still fall short because they allege no economic loss or detrimental reliance. *See Stutsman*, 2026 WL 2445129, at *4; *Samaduroff*, 2026 WL 2675977, at *2.

Lenovo also cites decisions finding standing, including *Liss* and *Devivo*, but doesn't explain how their reasoning applies here. Dkt. No. 39 at 2–3, 9. As Plaintiffs point out, those courts found standing where the plaintiffs had *not* alleged they consented to the emails, and Plaintiffs make no such allegation here. Dkt. No. 42 at 3.

In short, Lenovo identifies no injury beyond the CEMA violation itself. Because Lenovo has not shown that the violation caused Plaintiffs a concrete harm, it has not carried its burden to establish Article III standing.

### 3.3 Remand is appropriate.

Lenovo argues that the Court should stay this case because the Ninth Circuit's decision in *Montes v. SPARC Grp., LLC*, Case No. 23-35496, is likely to provide guidance on the threshold question of standing. Dkt. No. 39 at 7. But Lenovo asks for a stay only "if the Court believes the issue of Article III standing is an open question." *Id.* at 8.

The Court does not find standing to be an open question. It reaches its conclusion based on the allegations in the Amended Complaint, and it need not await further rulings from the Ninth Circuit. Because the Court lacks jurisdiction, it doesn't reach Plaintiffs' arguments that a stay would prejudice them or the parties' dispute over how CEMA damages are calculated. Lenovo and Plaintiffs agree the amount in controversy is satisfied either way. Dkt. No. 39 at 8–9; Dkt. No. 42 at 2 n.1.

Accordingly, the Court finds remand is the appropriate course. *See* 28 U.S.C. § 1447(c); *Polo*, 833 F.3d at 1196.

## 4. CONCLUSION

Accordingly, the Court ORDERS as follows:

1. This consolidated case is deconsolidated, and each case is REMANDED to the court from which it was removed. *Hendrix v. Lenovo United States Inc.*, Case No. 2:25-cv-01663-JNW, is REMANDED to King County Superior Court and *Taylor et al. v. Lenovo United States Inc.*, Case No. 3:25-cv-05840-JNW, is REMANDED to Thurston County Superior Court, effective FOURTEEN (14) days from the date of this Order. *See* LCR 3(i).
2. Lenovo's motion to dismiss, Dkt. No. 27, is DENIED as moot.
3. The Clerk of Court is directed to CLOSE this case.

Dated this 8th day of October, 2026.

Jamal N. Whitehead
United States District Judge